```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT

Louis W. Thabault,              :
        Plaintiff,              :
                                :
        v.                      :   File No. 1:07-CV-166
                                :
William Sorrell, Attorney       :
General, State of Vermont,      :
        Defendant.              :
```

                         OPINION AND ORDER
                             (Paper 5)

    Plaintiff Louis Thabault, proceeding *pro se*, brings this action claiming that Vermont Army National Guard ("Guard") airplanes spray harmful chemicals in a "deliberate assault on the people below." (Paper 1 at 2). For relief, he seeks an injunction barring the Guard from "any spraying of chemicals, i.e., chemtrails, from its aircraft, or facilitating in any way any other aircraft doing the same." Id. The sole defendant in the case is Vermont Attorney General William Sorrell.

    The defendant has moved to dismiss, arguing lack of subject matter jurisdiction and lack of standing. Specifically, the defendant argues that Thabault has, at most, alleged a state common law assault or nuisance claim that does not arise under federal law. In the alternative, the defendant contends that the Federal Aviation Act ("FAAct"), which Thabault cites in his complaint as a source of jurisdiction, does not provide a private cause of action. Finally, the defendant asserts that, as

Vermont's Attorney General, he has no control over the Vermont National Guard.  The motion to dismiss is unopposed.

On a motion to dismiss, the Court must accept as true the factual allegations in the complaint, and must draw all inferences in the plaintiff's favor.  See Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006).  "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to 'raise a right to relief above the speculative level.'"  ATSI Comms., Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)).  The Court remains mindful that *pro se* pleadings are to be read liberally.  See Phillips v. Girdich, 408 F.3d 124, 128 (2d Cir. 2005).

The Court turns first to the question of whether the FAAct creates a private cause of action.  A plaintiff alleging violations of a federal statute does not state a claim "'arising under the Constitution, laws, or treaties of the United States' . . . when Congress has determined that there should be no private, federal cause of action for the violation . . . ."  Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986) (quoting 28 U.S.C. § 1331).  Accordingly, if the FAAct does not create a private cause of action, this Court has no subject matter jurisdiction over Thabault's claim.

In <u>Vorhees v. Naper Aero Club, Inc.</u>, 272 F.3d 398, 404 (7th Cir. 2001), the Seventh Circuit noted that "the Federal Aviation Act has no civil enforcement provision or any provision allowing a private resident to sue for the property torts of an airline pilot or airline operator." Similarly, the District of Columbia Circuit Court concluded that the FAAct's "extensive and detailed scheme of administrative enforcement complete with civil and criminal penalties" belied any claim that Congress intended to create a private cause of action. <u>Anderson v. USAir, Inc.</u>, 818 F.2d 49, 55 (D.C. Cir. 1987); <u>see also</u> <u>In re Mexico City Aircrash of October 31, 1979</u>, 708 F.2d 400, 407-08 (9th Cir. 1983).

Thabault cites 49 U.S.C. § 40103(a), which provides that "the United States Government has exclusive sovereignty of airspace of the United States." Other portions of the statute grant citizens the right to transit "through the navigable airspace," and authorize the Administrator of the Federal Aviation Administration ("FAA") to develop air traffic regulations. 49 U.S.C. §§ 40103(a)(2), 40103(b). There is no provision in this portion of the statute creating a private right of action for violations of either the FAAct or related regulations.

In the absence of any such provision, some plaintiffs have tried to bring suit under 42 U.S.C. § 1983, which authorizes private actions for "deprivations of any rights, privileges, or

immunities secured by the Constitution and laws . . . ."  The Second Circuit, however, has expressly rejected this approach, holding that "the comprehensive enforcement scheme provided in the Federal Aviation Act manifests congressional intent to foreclose an action under § 1983."  Montauk-Carribean Airways, Inc. v. Hope, 784 F.2d 91, 98 (2d Cir.), cert. denied, 479 U.S. 872 (1986).  In light of this unequivocal language from the Circuit, and based upon the absence of any express provision in the FAAct providing a private cause of action, the Court finds that the complaint has failed to set forth a valid federal claim.  Consequently, Thabault's suit is ripe for dismissal due to the Court's lack of subject matter jurisdiction.

The defendant also argues that Thabault lacks standing because he cannot show an "'injury-in-fact that is fairly traceable to the challenged action of the defendant.'" (Paper 5 at 4, quoting Baur v. Veneman, 352 F.3d 625, 631-32 (2d Cir. 2003)).  The complaint does not allege any wrongful action by Vermont's Attorney General.  Construing the complaint liberally and making all necessary inferences in the plaintiff's favor, Thabault still has no plausible claim as the Attorney General has no legal authority over the Guard.  See 3 V.S.A. §§ 151-53; 3 V.S.A. §§ 212(6), 213; 20 V.S.A. §§ 361 et seq.  Accordingly, any claim against this defendant relating to Guard activities cannot stand.

Although Thabault is proceeding *pro se*, the Court must next consider whether to grant him leave to amend his complaint.  See Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991).  Thabault has failed to allege a federal claim and has sued a defendant against whom an injunction would provide no relief.  With no viable federal cause of action, repleading would be futile.  Moreover, Thabault has made no effort to address any of the shortcomings alleged in the defendant's motion to dismiss.  Indeed, as noted above, the motion is unopposed.  Consequently, this case will be DISMISSED without leave to amend.  See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [*pro se* plaintiff's] causes of action is substantive; better pleading will not cure it.  Repleading would thus be futile.  Such a futile request to replead should be denied."); United States *ex rel*. Phipps v. Comprehensive Comty. Dev. Corp., 152 F. Supp. 2d 443, 455-56 (S.D.N.Y. 2001) (denying leave to amend where the court determined that it did not have subject matter jurisdiction over plaintiff's claim).  Dismissal is without prejudice due to the Court's lack of subject matter jurisdiction.

For the reasons set forth above, the defendant's motion to dismiss (Paper 5) is GRANTED, and this case is DISMISSED without prejudice.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 13th day of August, 2008.

                                                      /s/ J. Garvan Murtha  
                                                      J. Garvan Murtha  
                                                      United States District Judge